# Cases

# SECOND DEPARTMENT

AT

## GENERAL TERM

### February, 1888.

---

ROSS E. TERRY, Appellant, v. ELAM M. SMITH,
Respondent.

*Conveyance of a grist-mill with a right to use the water as then used — the limitation is
upon the quantity and not the manner of using it — a grant is presumed after
twenty years user.*

In this action, brought to obtain an injunction restraining the defendant from
interfering with certain water-power privileges of the plaintiff, it appeared that
both parties claimed under conveyances made by one Taylor, who owned a cer-
tain tract of land upon which was located a grist-mill and saw-mill and also a
spoke factory, which were supplied from the same pond or reservoir, by separate
flumes; the spoke factory being supplied through a flume, the floor of which
was fifteen inches below the top of the dam, and the grist-mill and saw-mill
by a flume, the floor of which was ten inches below the floor of the flume leading
to the spoke factory.

In 1855, Taylor conveyed one undivided half, and in April, 1859, the other undi-
vided half of the grist and saw-mill property, to Charles Sinsabaugh, with the
use of the water collected in the dam and race-way, as the same was then used
and enjoyed. In April, 1875, through certain mesne conveyances the defendant
and one Terhune became the owners of said grist-mill property and immediately
went into possession thereof.

By a deed, dated January 19, 1859, Taylor conveyed the spoke factory property, the
premises now owned by the, plaintiff, to one Deyo, with the right to the use of
the water as then used by the spoke factory.

The grist mill was, at the time of the execution of the deed to Deyo, run by two
over-shot wheels, one six and the other seven and one-half feet in diameter, and
carried three runs of stone. In 1864 the two overshot-wheels were taken out

and replaced by a turbine wheel of the diameter of forty inches, which has ever since furnished power to the mill, which carries the same three runs of stone.

*Held,* that, as it appeared that the turbine wheel did not use as much water as the two overshot-wheels, the plaintiff was not injured by the change as the words of the grant were intended to limit the quantity of the water and not to restrict the method by which it was to be applied.

That as no more water was used by the turbine wheel, the fact that it received the water, at a point four and a-half feet below the point at which the water was discharged upon the smaller and lower of the overshot-wheels, was of no importance.

That as the defendant and his grantors had used the turbine wheel in the same manner for more than twenty years when this action was commenced, a right to so use it had been established, as a grant so to do would be presumed from a twenty-years user.

APPEAL from a judgment dismissing the complaint entered at the Orange Special Term, upon the trial of this action by the court without a jury.

The action was brought to obtain an injunction restraining the defendant from interfering with certain water-power privileges which were claimed by the plaintiff.

Upon the trial it appeared that both parties claimed title to the right to use the water from Taylor, who, on the 1st day of April, 1852, owned a tract of land, upon which there was then located a grist-mill and saw-mill, and upon which there was also a pond or reservoir for holding and storing the water supplying the power to said mills; that the plaintiff is the owner of a cider mill (formerly a spoke factory) and distillery property located immediately below the above premises, being a part of the lands formerly belonging to said Taylor, which were by a deed, dated January 19, 1859, conveyed to one Andrew P. Deyo, who conveyed the same to plaintiff on the 28th day of August, 1875; that Taylor, on the 10th day of August, 1855, conveyed to Charles Sinsabaugh, the undivided one-half of said grist-mill property, which contains about one-half an acre together with the use of the water collected in the dam and race-way, as then used to drive the said grist-mill and saw-mill, and on the 1st day of April, 1859, conveyed to the said Sinsabaugh the remaining one-half of said grist-mill property and water power; that the defendant and one Terhune, became the owners of said grist-mill propety (through certain mesne conveyances from the date of said Sinsabaugh's purchase) on the 1st day of April, 1875, and immediately went into possession

thereof; that the rights acquired by said plaintiff to the use of the water from said pond are those contained in said conveyance from said Taylor to said Deyo, being the right to the use of the water as "then used" by the cider mill property (then a spoke factory); that such right consisted of the right to take the water from a point in the bulk-head in the race-way immediately above the grist-mill, through a flume, the floor of which was fifteen inches below the top or crest of said dam or bulk-head; that the opening in said bulk-head for the use of said grist-mill property was then through a separate flume, the floor of which was ten inches below the floor of the flume leading to said Deyo factory; that the defendant is now using in the place of two overshot wheels, formerly used in the mill, a turbine wheel of the diameter of forty inches, which receives upon it the water from the bulk-head and race-way at a point and level four and a half feet below the point and level at which the water was discharged upon the smaller and lower grist-mill wheel."

*E. A. Brewster*, for the appellant.

*H. W. Wiggins*, for the respondent.

BARNARD, P. J. — The plaintiff's predecessor in title (Deyo) acquired the right to use the water for the spoke factory in connection with a grist-mill then owned by Deyo's grantor and one Sinsabaugh. The right was conveyed in general terms and was embraced in the terms "as then used." As the Deyo title was acquired as far back as 1859, there is some uncertainty as to the extent of the grant. It does, however, appear that the grist-mill had the first right to the water to the extent it would flow through a separate flume, the floor of which was ten inches lower than the flume leading to the Deyo factory, now plaintiffs. If this state of things had continued, the case would be free from all controversy. The mill was run by two overshot-wheels, one six and the other seven and one-half feet in diameter. The mill carried three run of stone. In 1864 the mill put in a turbine wheel in the place of the two overshot-wheels and has furnished power to the mill ever since with the same three run of stone. The evidence shows that the turbine wheel does not use so much water as the two overshot-wheels, and the fact is so found. In such a case it is well settled

that the words of the grant are held to intend to limit the quantity of the water and do not restrict the method by which it is to be applied. (_Groat_ v. _Moak_, 94 N. Y., 115).

The next question presented is this: In applying the power to the turbine wheel it took the water some feet lower from the bulk-head than the opening which fed the overshot-wheel. The evidence points to the conclusion that the power can be best applied in that way and in fact no more water is used, which is the real question. If, therefore, no more water is used, the point of its entry upon the wheel is unimportant. The finding is and the evidence supports it, that no more water was used by the turbine wheel than was of right to be used by the old method by overshot-wheels. The turbine in fact uses less water and it is probable that the testimony of some of the witnesses as to the diminution of power to the Deyo premises, is explainable by the failing of the stream since 1855. The overflow after plaintiff's use was probably then much greater, but as the Deyo mill is the subservient one the loss of power necessarily follows in that property.

The rights of the parties are fixed by lapse of time. In 1864 the turbine wheel was first put in, was replaced when the mill was burned down. Twenty year user supposes a grant. The defendant has used as a matter of right this turbine wheel and the point of depression where the water enters to it, for more than twenty years. Some twelve or thirteen years of which time even since the plaintiff obtained his title. This established a right to the method of use. (_Belknap_ v. _Trimble_, 3 Paige, 605; _Smith_ v. _Adams_, 6 Paige, 435.)

The judgment should be affirmed, with costs.

PRATT, J., concurred.

Judgment affirmed, with costs.